**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 30 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ORLEY KIM BROCK,

      Plaintiff - Appellant,

      v.

JOE ORTIZ; MS. JUDY BULLARD;
DR. (FNU) SINGH; DR. (FNU)
DRYER; MR. JOSEPH HALLIGAN;
P.A. (FNU) WEBSTER; P.A. JO ANN
STOCK; DR. (FNU) PHILBIN,

      Defendants - Appellees.

No. 04-1172
(D. Ct. No. 04-Z-34)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Circuit Judge, **BRISCOE**, and **HARTZ**, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel

has determined unanimously that oral argument would not be of material

assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th

Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff-Appellant Orley Kim Brock, a Colorado prisoner appearing pro se,

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

filed this action under 42 U.S.C. § 1983, alleging unconstitutional prison conditions. The District Court dismissed the claim without prejudice under 42 U.S.C. § 1997e(a) for failure to exhaust administrative remedies. Mr. Brock appeals the dismissal and moves this Court for leave to proceed with the appeal in forma pauperis. We take jurisdiction under 28 U.S.C. § 1291, AFFIRM the dismissal of Mr. Brock's complaint, and DENY his motion to proceed in forma pauperis.

## I. BACKGROUND

In January 2001, Mr. Brock injured his back while working in the prison kitchen. As a result of that injury, he required medication which he claims was wrongly withheld at various times. After several attempts to demonstrate the seriousness of his injury to prison officials, Mr. Brock was eventually sent to a Denver hospital to receive an MRI. The MRI, however, was not administered; instead, Defendant Dryer took x-rays and returned Mr. Brock to prison. In July 2002, Mr. Brock did undergo an MRI and in August had surgery on four lumbar discs. That November, prior to obtaining a doctor's restriction, Defendant Halligan ordered Mr. Brock to do yard maintenance, further injuring Mr. Brock's back. Throughout much of this time, Mr. Brock filed various informal complaints and grievances with the Department of Correction, which were mostly denied, apparently by Defendants Stock, Bullard, and Webster. The other named

Defendants' involvement with Mr. Brock's claim is unclear.

In January 2004, Mr. Brock commenced this civil rights action in the District of Colorado pursuant to 42 U.S.C. § 1983, alleging Eighth Amendment cruel and unusual punishment and Fourteenth Amendment due process violations stemming from his back injury and related conditions of confinement. Mr. Brock sought both compensatory and punitive damages. The District Court ordered Mr. Brock to demonstrate he had exhausted administrative remedies as required by 28 U.S.C. § 1997e(a) by attaching copies of any grievances filed with the Colorado Department of Corrections or by describing their disposition with specificity. Mr. Brock amended his complaint to reflect several Step I and II grievances. Because Mr. Brock had never filed a Step III grievance relating to his January 2001 injury, the court dismissed Mr. Brock's claim without prejudice for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a).

Mr. Brock then filed a timely notice of an appeal and moved the District Court to grant in forma pauperis status. The court denied the in forma pauperis motion pursuant to 28 U.S.C. § 1915(a)(3), stating that Mr. Brock's appeal was not made in good faith because he put forth a frivolous argument in support of his appeal. He renewed his motion for in forma paureris in this Court.

## II. STANDARD OF REVIEW

We review de novo the District Court's dismissal for failure to exhaust

administrative remedies under 42 U.S.C. § 1997e(a). *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002).

## III. DISCUSSION

We face two issues on appeal. First, did the District Court properly dismiss Mr. Brock's claim for failure to exhaust administrative remedies? Second, should we grant Mr. Brock's in forma pauperis motion? We address these in turn.

A.    Dismissal for Failure to Exhaust Administrative Remedies

In 1996, Congress enacted the Prison Litigation Reform Act, which includes an exhaustion requirement for prisoners' suits that involve prison conditions. *See* 42 U.S.C. § 1997e(a). Under § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

On appeal, Mr. Brock argues that § 1997e(a) is inapplicable in his case, as he is seeking monetary damages and no administrative course taken with the Colorado Department of Corrections will provide him with monetary relief. Thus, he argues, there are no administrative remedies for him to exhaust. The United States Supreme Court has squarely rejected Mr. Brock's proposition. *See Booth v. Churner*, 532 U.S. 731, 734 (2001) (holding that a prisoner suing for damages "must complete a prison administrative process that could provide some sort of

relief on the complaint stated, but no money."). Under § 1997e(a), then, Mr. Brock must first seek redress within the Department of Corrections before initiating a lawsuit regarding prison conditions.

Even reading Mr. Brock's complaint liberally, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), it is clear that Mr. Brock has not exhausted available administrative remedies. Mr. Brock has the burden of showing he has indeed exhausted administrative remedies. *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy this burden, Mr. Brock must attach copies of the administrative proceedings or describe their disposition specifically in his amended complaint. *Id.* at 1211.

As the District Court noted, Mr. Brock failed to attach copies of his grievances or to describe their disposition specifically. While he does allege that he filed several grievances and gives the dates on which they were filed, none relevant to this lawsuit proceeded through the three-step grievance procedure.[1] As such, Mr. Brock has not met his burden of demonstrating he has exhausted administrative remedies. The District Court, therefore, properly dismissed Mr. Brock's claim without prejudice for failure to comply with § 1997e(a).

---

[1]Mr. Brock does allege he filed one Step III grievance to which no response was given. While that grievance would satisfy § 1997e(a), it was first filed prior to Mr. Brock's January 2001 injury and is thus unrelated to the claims in this lawsuit.

B. <u>Denial of Motion to Appeal In Forma Pauperis</u>

The District Court denied Mr. Brock's in forma pauperis motion under § 1915(a)(3), stating that the appeal was not taken in good faith. Specifically, the Court found that Mr. Brock had put forth a frivolous argument on appeal. Mr. Brock moves this Court to grant in forma pauperis status under § 1915 and Fed. R. App. P. 24(a)(5). *See also Coppedge v. United States*, 369 U.S. 438, 445 (1962) ("If the District Court finds the application is not in good faith, and therefore denies leave to appeal in forma pauperis, the defendant may seek identical relief from the Court of Appeals.")

We note that while the District Court's determination is not conclusive, it is entitled to weight. *Id*. at 446. After reviewing Mr. Brock's argument on appeal – namely, that he need not exhaust administrative remedies because he seeks money damages – in light of clear authority to the contrary, we adopt the District Court's finding that Mr. Brock has failed to show the existence of a nonfrivolous argument on the law and facts. We therefore deny Mr. Brock's motion to appeal in forma pauperis and order him to pay immediately the balance owing on fees incurred as part of this appeal.

### IV. CONCLUSION

For these reasons, we AFFIRM the District Court's order dismissing Mr. Brock's claim for failure to exhaust administrative remedies under § 1997e(a) and

DENY Mr. Brock's motion to proceed in forma pauperis on his appeal of the dismissal.

ENTERED FOR THE COURT,

Deanell Reece Tacha
Chief Circuit Judge